DLM

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **JAMMIE M. MARGADONNA** | : | |
| **Plaintiff,** | : | **C.A.** |
| | : | |
| **VS.** | : | |
| **COUNTRYWIDE HOME LOANS, INC.** | | CA 07 380 S |
| **FULL SPECTRUM LENDING, INC** | | |
| **Defendants** | : | |

## COMPLAINT

## INTRODUCTION

1. This action seeks redress against Countrywide Home Loans, Inc. and it's sub-prime lending unit Full Spectrum Lending Inc. (hereinafter collectively referred to as "Countrywide") for violations of the Truth in Lending Act, 15 U.S.C. § 1635 et seq. ("TILA") and implementing Federal Reserve Board Regulation Z, 12 C.F.R. part 226.

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction over this action under 15 U.S.C. §1640 (TILA), and 28 U.S.C. §§1331 (general jurisdiction),1332 (diversity jurisdiction) and 1337 (interstate commerce).

3. Venue in this District is proper under 28 U.S.C. § 1391(b) and (c) because Defendant does business in this District. Defendant is therefore deemed to reside in this District under 28 U.S.C. § 1391( c).

## PARTIES

4. Plaintiff Jammie M. Margadonna resides at and is the co-owner of the property located at 37 Iroquois Drive Warwick Rhode Island, 02888.

5. Defendants are foreign corporations that do business in the State of Rhode Island and have the same registered agent for service of process, Prentice Hall Corporation System, 222 Jefferson Boulevard Suite 200 Warwick R.I. 02888.

6. At the time of the transactions referenced herein, Full Spectrum Lending Inc. entered into more than 5 transactions per year in which credit is extended that is secured by the principal residence of a consumer and is used for purposes other than the initial acquisition or construction of the residence.

7. Full Spectrum Lending Inc. is therefore a creditor as defined in TILA and implementing Federal Reserve Board Regulation Z.

8. Full Spectrum Lending Inc. is what is commonly known as a "subprime" lender, targeting persons who have or who believe they have impaired credit.

## FACTS

9. On or about October 23, 2004 Plaintiff's spouse Roy Margadonna obtained two loans from Full Spectrum Lending Inc., both secured by the Iroquois Drive residence, for the purpose of debt consolidation. All of the proceeds of the loan were used for personal, family or household purposes.

10. Plaintiff Margadonna recently exercised her extended right to rescind the two loans for violations of TILA. Notices of rescission were sent to Full Spectrum Lending Inc. Copies of the notices are attached as Exhibits A & B.

11. The Defendants have refused to honor the Plaintiff's demands of rescission.

## COUNT I - TRUTH IN LENDING ACT

12. Plaintiff incorporates ¶¶ 1-11 as if fully set out herein.

13. Because the transactions referenced herein were secured by Plaintiff's home, and were not entered into for purposes of the initial acquisition or construction of that home, they were subject to the right to cancel provided by 15 U.S.C. §1635 and 12 C.F.R. §226.23 which provides that:

(a) <u>Consumer's right to rescind.</u>

> (1) In a credit transaction in which a security interest is or will be retained or acquired in a consumer's principal dwelling, each consumer whose ownership interest is or will be subject to the security interest shall have the right to rescind the transaction, except for transactions described in paragraph (f) of this section.[fn]47
>
> (2) To exercise the right to rescind, the consumer shall notify the creditor of the rescission by mail, telegram or other means of written communication. Notice is considered given when mailed, when filed for telegraphic transmission or, if sent by other means, when delivered to the creditor's designated place of business.
>
> (3) The consumer may exercise the right to rescind until midnight of the third business day following consummation, delivery of the notice required by paragraph (b) of this section, or delivery of all material disclosures,[fn]48 whichever occurs last. If the required notice or material disclosures are not delivered, the right to rescind shall expire 3 years after consummation, upon transfer of all of the consumer's interest in the property, or upon sale of the property, whichever occurs first. In the case of certain administrative proceedings, the rescission period shall be extended in accordance with section 125(f) of the Act. [15 U.S.C. §1635(f)]
>
> (4) When more than one consumer in a transaction has the right to rescind, the exercise of the right by one consumer shall be effective as to all consumers.

(b) <u>Notice of right to rescind.</u> In a transaction subject to rescission, a creditor shall deliver 2 copies of the notice of the right to rescind to each consumer entitled to

> rescind. (Emphasis added) The notice shall be on a separate document that identifies the transaction and shall **clearly and conspicuously disclose** the following:
>
> > (1) The retention or acquisition of a security interest in the consumer's principal dwelling.
> > (2) The consumer's right to rescind the transaction.
> > (3) How to exercise the right to rescind, with a form for that purpose, designating the address of the creditor's place of business.
> > (4) The effects of rescission, as described in paragraph (d) of this section.
> > **(5) The date the rescission period expires. . . .** (Emphasis added)
>
> (f) Exempt transactions. The right to rescind does not apply to the following:
>
> > (1) A residential mortgage transaction [defined in 15 U.S.C. §1602(w) as one where a "security interest is created or retained against the consumer's dwelling to finance the acquisition or initial construction of such dwelling"].
> > (2) A credit plan in which a state agency is a creditor.

14. Plaintiff did not receive any copies of the material disclosures including but not limited to the Notices of Right to Cancel each transaction that are required under the TILA and Regulation Z. Accordingly Plaintiff is entitled to exercise her extended right to rescind both transactions.

15. 15 U.S.C. § 1635(g) provides that in addition to rescission a court may award damages under section 1640.

**WHEREFORE**, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendants as follows:

1. A declaration that Plaintiff is entitled to rescind each loan;
2. Rescission of the loan;
3. Statutory damages;

4. Attorney's fees, litigation expenses and costs.

5. Such other relief as the Court deems appropriate.

Respectfully submitted,

Christopher M. Lefebvre
Claude Lefebvre, Christopher Lefebvre P.C.
P.O. Box 479
Pawtucket, RI 02862
(401) 728-6060
(401) 728-6534 (FAX)
Bar # 4019

**JURY DEMAND**

Plaintiff demands trial by jury.

Christopher M. Lefebvre