**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **JAMMIE M. MARGADONNA** | : | |
| **Plaintiff,** | : | **C.A. NO. 07-380-S** |
| | : | |
| **VS.** | : | |
| | : | |
| **COUNTRYWIDE HOME LOANS, INC.** | : | |
| **FULL SPECTRUM LENDING, INC.** | : | |
| | : | |
| **Defendants** | : | |

**PLAINTIFF'S PRETRIAL CONFERENCE STATEMENT**

This action seeks redress against a mortgage lender for violations of the Truth in Lending Act, 15 U.S.C. §1601 et seq. ("TILA") and implementing Federal Reserve Board Regulation Z, 12 C.F.R. part 226. The following facts will be easily established after a brief period of discovery. On or about October 23, 2004 Plaintiff's husband obtained two loans from Full Spectrum Lending, Inc. (an entitity of Countrywide Home Loans, Inc.) both, secured by their residence, for the purpose of debt consolidation. In both transactions, all of the proceeds of the loan were used for personal, family or household purposes. Plaintiff and her husband are joint owners of the property which secured the loans of the Defendants, accordingly she was supposed to receive all material disclosures under the TILA. In connection with the refinance mortgage transactions referenced herein, Full Spectrum Lending, Inc. failed to provide to the plaintiff any copies of the material disclosures including but not limited to the Notices of Right to Cancel required under the TILA and Regulation Z in violation of 15 U.S.C. §1635 and 12 C.F.R. §226.23. Notice of rescission has been given to the Defendants, Countrywide Home Loans, Inc., and Full Spectrum Lending, Inc,. However the Defendants have refused to honor the Plaintiff's

right of rescission on any of the mortgage loans referenced herein. The instant lawsuit was filed shortly thereafter to enforce rescission of both loans.

TILA was enacted "to assure a meaningful disclosure of credit terms so that the consumer will be able to compare more readily the various credit terms available to him and avoid the uninformed use of credit..." 15 U.S.C. §601(a). "Accordingly, the Act requires creditors to provide borrowers with clear and accurate disclosures of terms dealing with things like finance charges, annual percentage rates of interest, and the borrower's rights." Beach v. Ocwen Federal Bank , 523 U.S. 410 (1998). Under TILA regulations, a creditor is required to "deliver two copies of the notice of the right to rescind" which must "be on a separate document that identifies the transaction" and "**clearly and conspicuously**" discloses the consumer's right to rescind the transaction. 12 C.F.R. § 226.23(b)(1). If the required notice or material disclosures are not delivered, the right to rescind shall expire three years after consummation. *See* 12 C.F.R. § 226.23(a)(3). Reese v. Hammer Financial Corp., 1999 WL 1101677 ( N.D.Ill. 1999).

Even where a plaintiff has executed an acknowledgment of receipt of accurate disclosures, such a statement simply raises "a rebuttable presumption" and the jury must ultimately decide which documents were in fact received at the time of closing. Davison v. Bank One Home Loan Services, 2003 WL 124542 (D.Kan. 2003). *Accord*, Cooper v. First Gov't Mortgage & Investors Corp., 2002 WL 31520158, at *11-13 (D.D.C. Nov. 4, 2002) (presumption rebutted by borrower's testimony); Hanlin v. Ohio Builders & Remodelers, Inc., 212 F.Supp.2d 752 (S.D.Oh. 2002) (same); Stone v. Mehlberg, 728 F.Supp. 1341 (W.D.Mich. 1989)(same);In re Rodrigues, 278 B.R. 683 (Bkrtcy.D.R.I. 2002) (same); In re Williams, 232 B.R. 629 (Bkrtcy.E.D.Pa. 1999)(same), *aff'd in relevant part*, 237 B.R. 590, 594- 95 (E.D.Pa

.1999). *See also* Jenkins v. Landmark Mortgage Corporation, 696 F.Supp. 1089, 1093 (W.D.Va.1988) (rebuttable presumption of receipt that was created by acknowledgment of receipt of TILA disclosure statement was rebutted by "testimony that plaintiff left the attorney's office without the TILA disclosure form and did not actually receive it in the form she could keep until [later].").

In this case, in order for the Plaintiff to prevail, she need only convince the jury that she was not provided any copies of the material disclosures including but not limited to the Notices of Right to Cancel each transaction as required under the TILA and Regulation Z respectively. Inevitably, as is typical in these cases, the Defendants will produce a copy of a completed right to cancel with an acknowledgment that the Plaintiff received said documents. As referenced above, this presumption of receipt of completed documents can be rebutted by the testimony of the Plaintiff and probably via the testimony of the closing agent. Plaintiff seeks absolute rescission of both loans, an award or statutory damages of $2000.00 and payment of all attorneys fees and costs.

Respectfully submitted,

/s/ Christopher M. Lefebvre
BBO # 4019
LAW OFFICES OF CLAUDE
LEFEBVRE & SONS
P.O. Box 479
Pawtucket, RI 02862
(401) 728-6060
(401) 728-6534 (FAX)

**CERTIFICATION**

I hereby certify that I served a copy of the Plaintiff's Pre-Trial Conference Statement upon the Defendant's attorney, John B. Daukas via the ECF System of the District Court of Rhode Island on the8th day of January 2008.

/s/ Christopher M. Lefebvre