UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| JAMMIE M. MARGADONNA,<br><br>Plaintiff,<br><br>v.<br><br>COUNTRYWIDE HOME LOANS, INC., FULL SPECTRUM LENDING, INC.,<br><br>Defendants<br><br>COUNTRYWIDE HOME LOANS, INC. and FULL SPECTRUM LENDING, INC.<br><br>Third-Party Plaintiffs,<br><br>v.<br><br>SHARAF, KELLEY & MALONEY, P.C.<br><br>Third-Party Defendant. | C.A. No. 1:07-CV-00380-S-DLM<br><br>**JURY TRIAL DEMANDED** |

**DEFENDANTS COUNTRYWIDE HOME LOANS, INC. AND FULL SPECTRUM LENDING, INC.'S THIRD-PARTY COMPLAINT AGAINST SHARAF, KELLEY & MALONEY, P.C.**

Pursuant to Federal Rule of Civil Procedure 14, defendants/third-party plaintiffs Countrywide Home Loans, Inc. ("Countrywide") and Full Spectrum Lending, Inc. ("Full Spectrum") (collectively, Countrywide and Full Spectrum are "Defendants/Third-Party Plaintiffs") hereby file this third-party complaint against Sharaf, Kelley & Maloney, P.C. ("SKM"), a professional corporation. This third-party complaint arises out of a lawsuit filed against Countrywide and Full Spectrum by plaintiff Jammie M. Margadonna ("Plaintiff"), in which Plaintiff seeks to rescind mortgage loans and damages under the Truth in Lending Act, 15

U.S.C. § 1601, *et seq.* ("TILA"). Defendants/Third-Party Plaintiffs bring this third-party complaint against SKM for indemnification and contribution.

**PARTIES**

1. Defendant/third-party plaintiff Countrywide is a corporation organized under the laws of New York with a principal place of business in Calabasas, California.

2. Defendant/third-party plaintiff Full Spectrum is a subsidiary of Countrywide, with a principal place of business in Calabasas, California.

3. Plaintiff Jammie M. Margadonna is an individual residing at 37 Iroquois Drive, Warwick, Rhode Island 02888.

4. Third-party defendant SKM is a professional corporation organized under the laws of Massachusetts with a principal place of business at 1583 Beacon Street, Brookline, Massachusetts 02446. SKM regularly conducts business in Rhode Island.

**COUNT I – Indemnification & Contribution**

5. Defendants/Third-Party Plaintiffs hereby incorporate by reference the allegations in Paragraphs 1 through 4.

6. On or about October 11, 2007, Plaintiff began this action by filing a complaint seeking rescission of her mortgage loans and damages under TILA. A copy of Plaintiff's Complaint is attached hereto as Exhibit A.

7. On or about January 4, 2008, Defendants/Third-Party Plaintiffs filed an answer and counterclaim to Plaintiff's Complaint. A copy of Defendants/Third-Party Plaintiff's Answer and Counterclaim is attached hereto as Exhibit B.

8. As alleged in Paragraph 9 of Plaintiff's Complaint, on or about October 23, 2004, Plaintiff's spouse, Roy Margadonna, obtained two mortgage loans from Full Spectrum. The

loans are known by Full Spectrum loan number 77058534 ("Loan 77058534") and 23365697 ("Loan 23365697").

9. SKM acted as the settlement agent at the closing of Loans 77058534 and 23365697.

10. Full Spectrum provided SKM with Closing Instructions for each loan. Both sets of Closing Instructions stated in bold, capitalized letters that the "loan may only be closed in strict compliance with the terms herein." SKM agreed to follow the Closing Instructions in closing Loans 77058534 and 2335697.

11. The Closing Instructions also stated, and SKM agreed, that "Lender will hold you liable for any losses resulting from your failure to follow these and all other closing instructions."

12. In Paragraph 14 of her Complaint, Plaintiff alleges she "did not receive any copies of the material disclosures [required under TILA] including but not limited to the Notices of Right to Cancel."

13. Paragraph C(14)(i) of the Closing Instructions required SKM to provide each person required to sign the Notice of Right to Cancel with two copies of that document. This instruction was printed in bold letters.

14. By failing to provide Plaintiff with two copies of the Notice of Right to Cancel, as alleged by Plaintiff, SKM did not comply with the requirements of the Closing Instructions.

15. If Plaintiff sustained the damages in the manner and under the circumstances alleged, and if it is found that Defendants/Third-Party Plaintiffs are liable to Plaintiff in whole or in part, then such damages will have been occasioned by SKM's failure to follow the Closing Instructions, for which Defendants/Third-Party Plaintiffs are not responsible.

WHEREFORE, Defendants/Third-Party Plaintiffs Countrywide Home Loans, Inc. and Full Spectrum Lending, Inc. demand judgment against Third-Party Defendant Sharaf, Kelley & Maloney, P.C. for indemnification and/or contribution of all or part of any sums that may be judged against Defendants/Third-Party Plaintiffs in favor of Plaintiff Jammie M. Margadonna.

**JURY DEMAND**

Defendants/Third-Party Plaintiffs demand a trial by jury.

Respectfully submitted,

COUNTRYWIDE HOME LOANS, INC. and
FULL SPECTRUM LENDING, INC.

By their attorneys,

/s/ John B. Daukas
John B. Daukas (R.I. Bar No. 5437)
GOODWIN PROCTER LLP
53 State Street
Boston, Massachusetts 02109
Tel.: 617.570.1000
Fax: 617.523.1231
jdaukas@goodwinprocter.com

Of Counsel:

U. Gwyn Williams
Jonathan W. Lent
GOODWIN PROCTER LLP
Exchange Place
Boston, Massachusetts 02109-2881
Tel.: 617.570.1000
Fax: 617.523.1231
gwilliams@goodwinprocter.com
jlent@goodwinprocter.com

Dated: July 17, 2008

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on July 17, 2008.

Dated: July 17, 2008

/s/ John B. Daukas
John B. Daukas

# Exhibit A

DLM

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **JAMMIE M. MARGADONNA** | : | |
| **Plaintiff,** | : | **C.A.** |
| | : | |
| **VS.** | : | |
| **COUNTRYWIDE HOME LOANS, INC.** | | CA 07 380 S |
| **FULL SPECTRUM LENDING, INC** | | |
| **Defendants** | : | |

**COMPLAINT**

**INTRODUCTION**

1. This action seeks redress against Countrywide Home Loans, Inc. and it's sub-prime lending unit Full Spectrum Lending Inc. (hereinafter collectively referred to as "Countrywide") for violations of the Truth in Lending Act, 15 U.S.C. § 1635 et seq. ("TILA") and implementing Federal Reserve Board Regulation Z, 12 C.F.R. part 226.

**JURISDICTION AND VENUE**

2. This Court has subject matter jurisdiction over this action under 15 U.S.C. §1640 (TILA), and 28 U.S.C. §§1331 (general jurisdiction),1332 (diversity jurisdiction) and 1337 (interstate commerce).

3. Venue in this District is proper under 28 U.S.C. § 1391(b) and (c) because Defendant does business in this District. Defendant is therefore deemed to reside in this District under 28 U.S.C. § 1391( c).

**PARTIES**

4. Plaintiff Jammie M. Margadonna resides at and is the co-owner of the property located at 37 Iroquois Drive Warwick Rhode Island, 02888.

5. Defendants are foreign corporations that do business in the State of Rhode Island and have the same registered agent for service of process, Prentice Hall Corporation System, 222 Jefferson Boulevard Suite 200 Warwick R.I. 02888.

6. At the time of the transactions referenced herein, Full Spectrum Lending Inc. entered into more than 5 transactions per year in which credit is extended that is secured by the principal residence of a consumer and is used for purposes other than the initial acquisition or construction of the residence.

7. Full Spectrum Lending Inc. is therefore a creditor as defined in TILA and implementing Federal Reserve Board Regulation Z.

8. Full Spectrum Lending Inc. is what is commonly known as a "subprime" lender, targeting persons who have or who believe they have impaired credit.

## FACTS

9. On or about October 23, 2004 Plaintiff's spouse Roy Margadonna obtained two loans from Full Spectrum Lending Inc., both secured by the Iroquois Drive residence, for the purpose of debt consolidation. All of the proceeds of the loan were used for personal, family or household purposes.

10. Plaintiff Margadonna recently exercised her extended right to rescind the two loans for violations of TILA. Notices of rescission were sent to Full Spectrum Lending Inc. Copies of the notices are attached as Exhibits A & B.

11. The Defendants have refused to honor the Plaintiff's demands of rescission.

## COUNT I - TRUTH IN LENDING ACT

12. Plaintiff incorporates ¶¶ 1-11 as if fully set out herein.

13. Because the transactions referenced herein were secured by Plaintiff's home, and were not entered into for purposes of the initial acquisition or construction of that home, they were subject to the right to cancel provided by 15 U.S.C. §1635 and 12 C.F.R. §226.23 which provides that:

(a) Consumer's right to rescind.

> (1) In a credit transaction in which a security interest is or will be retained or acquired in a consumer's principal dwelling, each consumer whose ownership interest is or will be subject to the security interest shall have the right to rescind the transaction, except for transactions described in paragraph (f) of this section.[fn]47
>
> (2) To exercise the right to rescind, the consumer shall notify the creditor of the rescission by mail, telegram or other means of written communication. Notice is considered given when mailed, when filed for telegraphic transmission or, if sent by other means, when delivered to the creditor's designated place of business.
>
> (3) The consumer may exercise the right to rescind until midnight of the third business day following consummation, delivery of the notice required by paragraph (b) of this section, or delivery of all material disclosures,[fn]48 whichever occurs last. If the required notice or material disclosures are not delivered, the right to rescind shall expire 3 years after consummation, upon transfer of all of the consumer's interest in the property, or upon sale of the property, whichever occurs first. In the case of certain administrative proceedings, the rescission period shall be extended in accordance with section 125(f) of the Act. [15 U.S.C. §1635(f)]
>
> (4) When more than one consumer in a transaction has the right to rescind, the exercise of the right by one consumer shall be effective as to all consumers.

(b) Notice of right to rescind. In a transaction subject to rescission, a creditor shall deliver 2 copies of the notice of the right to rescind to each consumer entitled to

> rescind. (Emphasis added) The notice shall be on a separate document that identifies the transaction and shall **clearly and conspicuously disclose** the following:
>
> > (1) The retention or acquisition of a security interest in the consumer's principal dwelling.
> > (2) The consumer's right to rescind the transaction.
> > (3) How to exercise the right to rescind, with a form for that purpose, designating the address of the creditor's place of business.
> > (4) The effects of rescission, as described in paragraph (d) of this section.
> > **(5) The date the rescission period expires. . . .** (Emphasis added)
>
> (f) Exempt transactions. The right to rescind does not apply to the following:
>
> > (1) A residential mortgage transaction [defined in 15 U.S.C. §1602(w) as one where a "security interest is created or retained against the consumer's dwelling to finance the acquisition or initial construction of such dwelling"].
> > (2) A credit plan in which a state agency is a creditor.

14. Plaintiff did not receive any copies of the material disclosures including but not limited to the Notices of Right to Cancel each transaction that are required under the TILA and Regulation Z. Accordingly Plaintiff is entitled to exercise her extended right to rescind both transactions.

15. 15 U.S.C. § 1635(g) provides that in addition to rescission a court may award damages under section 1640.

**WHEREFORE**, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendants as follows:

1. A declaration that Plaintiff is entitled to rescind each loan;
2. Rescission of the loan;
3. Statutory damages;

4. Attorney's fees, litigation expenses and costs.

5. Such other relief as the Court deems appropriate.

Respectfully submitted,

Christopher M. Lefebvre
Claude Lefebvre, Christopher Lefebvre P.C.
P.O. Box 479
Pawtucket, RI 02862
(401) 728-6060
(401) 728-6534 (FAX)
Bar # 4019

**JURY DEMAND**

Plaintiff demands trial by jury.

Christopher M. Lefebvre

DLM

JS-44 (Rev. 1/07 RI)

# CIVIL COVER SHEET

**I. (a) PLAINTIFFS** **Jammie M. Margadonna**

**DEFENDANTS** **Country Wide Home Loans Inc.**
**Full Spectrum Lending Inc.**

(b) County of Residence of First Listed Plaintiff **Kent**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)

**Christopher M. Lefebvre**
**PO Box 479**
**Pawtucket, R.I. 02862**

Attorneys (If Known)

CA 07 380S

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

**Admiralty**
- ☐ 340 Marine(Injury to Seamen)
- ☐ 120 Marine (Other)

**Admin/Agency Appeals Other**
- ☐ 890 Other Statutory Actions (APA Appeals, IDEA Appeals, Other)

**Bankruptcy**
- ☐ 422 Appeal 28 U.S.C. § 158
- ☐ 423 Withdrawal 28 U.S.C. § 157

**Banks and Banking**
- ☐ 140 Negotiable Instruments
- ☐ 430 Banks and Banking
- ☐ 875 Customer Challenge to Subpoena (12 U.S.C. § 3410)

**Business and Commercial**

**Anti-trust**
- ☐ 410 Anti-Trust

**Construction Contracts**
- ☐ 130 Miller Act
- ☐ 190 Other Contracts

**Securities Law & Stockholder Suits**
- ☐ 160 Stockholders' Suits
- ☐ 850 Securities/ Commodities/ Exchange

**Other - Business/Comm.**
- ☐ 196 Franchise
- ☐ 490 Cable/Satellite TV

**Consumer Credit**
- ☒ 371 Truth in Lending
- ☐ 480 Consumer Credit
- ☐ 190 Other Contracts

**Civil Rights**

**Constitutional Law**
- ☐ 950 Constitutionality of State Statutes
- ☐ 440 Other Civil Rights (Constitutionality of Federal Statutes)

**Elections and Voting**
- ☐ 400 State Reapportionment
- ☐ 441 Voting

**Other - Civil Rights**
- ☐ 440 Other Civil Rights
- ☐ 443 Housing/ Accommodations
- ☐ 444 Welfare
- ☐ 446 Americans with Disabilities

**Copyright & Trademark (Intellectual Property)**
- ☐ 820 Copyright
- ☐ 840 Trademark

**Employment and Employee Benefits**

**Employment Discrimination**
- ☐ 442 Employment
- ☐ 445 Americans with Disabilities- Employment
- ☐ 440 Other -Civil Rights

**ERISA**
- ☐ 791 Employment Ret. Inc. Security Act

**Other Employment Benefits**
- ☐ 190 Other - Contract
- ☐ 442 Other -Employment

**Environmental Law**
- ☐ 893 Environmental Matters

**Indian Law**
- ☐ 890 Other Statutory Actions

**Insurance**
- ☐ 110 Insurance Contract

**Labor and Occupational Safety**
- ☐ 660 Occupational Safety/Health
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Management Relations
- ☐ 730 Labor/Management Reporting and Disclosure Act
- ☐ 740 Railway Labor Act
- ☐ 790 Other Labor Litigation

**Miscellaneous Civil Cases**
- ☐ 150 Recovery of Overpayment and Enforcement of Judgment (Collections)
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (excluding Veterans)
- ☐ 153 Recovery of Overpayment of Veterans' Benefits
- ☐ 370 Other Fraud
- ☐ 440 Other Civil Rights (Immigration/Deportation)
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 610 Agriculture
- ☐ 620 Other Food and Drug
- ☐ 625 Drug related seizure of property
- ☐ 630 Liquor Laws
- ☐ 640 Railroad and Truck

**Miscellaneous Civil Cases Continued**
- ☐ 650 Airline Regs.
- ☐ 690 Other (Forfeiture)
- ☐ 690 Other (Health Care)
- ☐ 810 Selective Service
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS-Third Party (26 U.S.C. § 7609)
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 894 Energy Allocation Act
- ☐ 895 Freedom of Information Act
- ☐ 900 Appeal of Fee Determination under Equal Access to Justice Act

**Patents (Intellectual Property)**
- ☐ 830 Patents

**Prisoner Petitions**
- ☐ 510 Motions to Vacate Sentence (2254)
- ☐ 510 Motions to Vacate Sentence (2255)
- ☐ 530 General (Habeas)
- ☐ 535 Death Penalty
- ☐ 540 Mandamus and Other
- ☐ 550 Civil Rights (1983)
- ☐ 555 Prison Conditions(1983)

**Real and Personal Property**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent, Lease and Ejectment
- ☐ 240 Torts to Land
- ☐ 290 All other Real Property
- ☐ 380 Other Personal Property Damage

**RICO**
- ☐ 470 RICO

**Social Security**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**Torts and Personal Injury**

**Mass Torts**
- ☐ 360 Other Personal Injury

**Products Liability**
- ☐ 195 Contract Product Liability
- ☐ 245 Tort Product Liability
- ☐ 315 Airplane Product Liability
- ☐ 345 Marine Product Liability
- ☐ 355 Motor Vehicle Product Liability
- ☐ 365 Personal Injury Product Liability
- ☐ 385 Property Damage Product Liability

**Professional Malpractice**
- ☐ 362 Personal Injury - Med. Malpractice

**Motor Vehicle Accidents/Slip and Fall**
- ☐ 350 Motor Vehicles
- ☐ 360 Other Personal Injury

**Other Torts and Personal Injury incl. Asbestos cases**
- ☐ 360 Other Personal Injury (Fed. Tort Claims Act)
- ☐ 310 Airplane
- ☐ 320 Assault, Libel and Slander
- ☐ 330 Federal Employers' Liability
- ☐ 360 Other Personal Injury
- ☐ 368 Asbestos Personal Injury

**V. ORIGIN** (Place an "X" In One Box Only)

- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from another district (Specify)
- [ ] 6 Multidistrict Litigation
- [ ] 7 Appeal to District Judge From Magistrate Judgment

**VI. CAUSE OF ACTION**

Cite the U.S. Civil Statute under which you are filing (**Do not cite jurisdictional statutes unless diversity**):

15 USC 1635 and 1640

Brief description of cause:

**Complaint for rescission of mortgage loans and for statutory damages and other relief**

**VII. REQUESTED IN COMPLAINT**

[ ] Check if this is a Class Action Under F.R.C.P. 23

DEMAND $

JURY DEMAND: [X] Yes [ ] No
(Check YES only if demanded in complaint)

**VIII. RELATED CASE(S) IF ANY**

JUDGE ______________________ DOCKET NUMBER ______________________

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.

Date 12/11/07

Signature of Attorney of Record [signature]

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The **JS-44** civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I. COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

III. CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section **II**.

IV. NATURE OF SUIT: Place an X in the appropriate box. Make sure to select the Nature of Suit from the category which best describes the primary cause of action found in your complaint. You must select only one nature of suit.

VIII. RELATED CASES, IF ANY: This section of the JS-44 is used to reference related pending cases if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

FOR OFFICE USE ONLY

Receipt # __________ Amount __________ Applying IFP __________ Judge __________________ Mag. Judge __________________

# EXHIBIT A

*FROM THE OFFICE OF THE*

**FAMILY AND CONSUMER LAW CENTER**

*WWW.RICONSUMERLAW.COM*

CLAUDE F. LEFEBVRE
CHRISTOPHER M. LEFEBVRE, P.C.

*ATTORNEYS & COUNSELORS AT LAW*

Full Spectrum Lending, Inc.
1600 Golf Road, 3rd Floor Suite 300
Rolling Meadows, IL 60008

June 26, 2007

**Re: Notice of Rescission by Jammie M. Margadonna, 37 Iroquois Drive, Warwick, RI 02888-3507, Loan No.: 77058534, Closing Date: 10-23-04**

To Whom It May Concern:

I represent Jammie M. Margadonna concerning the mortgage loan transaction she and her husband entered into with Full Spectrum Lending, Inc. on October 23, 2004. Please be advised that I have been authorized by my client to rescind that transaction and hereby exercise that right pursuant to the Federal Truth In Lending Act, 15 U.S.C. Section 1635 and Regulation Z, Section 226.23.

The primary basis for the rescission is that Mrs. Margadonna was not provided any material disclosures including but not limited to notices of her right to cancel the above consumer credit contract, in violation of 15 U.S.C. Section 1635(a) and Regulation Z, Sections 226.17 and 226.23.

The security interest held by Full Spectrum Lending, Inc. on the Margadonna property located at 37 Iroquois Drive, Warwick, RI 02888 is void as of this rescission. Pursuant to Regulation Z, you have twenty days after receipt of this Notice of Rescission to return to my client all monies paid and to take action necessary and appropriate to terminate the security interest.

**Very truly yours,**
**Jammie M. Margadonna,**
**By her Attorney,**

**Christopher M. Lefebvre**
**P. O. Box 479**
**Pawtucket, RI 02862**

**CERTIFIED MAIL-RETURN RECEIPT REQUESTED**

cc: Jammie M. Margadonna
Gwyn Williams, Esq.

# EXHIBIT B

required.
■ For an additional fee, delivery may be restricted to the addressee's authorized agent. Advise the clerk or mark the mail piece with the endorsement "Restricted Delivery".
■ If a postmark on the Certified Mail receipt is desired, please present the article at the post office for postmarking. If a postmark on the Certified Mail receipt is not needed, detach and affix label with postage and mail.

*FROM THE OFFICE OF THE*

**FAMILY AND CONSUMER LAW CENTER**

*WWW.RICONSUMERLAW.COM*

CLAUDE F. LEFEBVRE
CHRISTOPHER M. LEFEBVRE, P.C.

*ATTORNEYS & COUNSELORS AT LAW*

Full Spectrum Lending, Inc.
1600 Golf Road, 3rd Floor Suite 300
Rolling Meadows, IL 60008

September 20, 2007

Re: **Notice of Rescission by Jammie M. Margadonna, 37 Iroquois Drive, Warwick, RI 02888-3507, Loan No.: 23365697, Closing Date: 10-23-04**

To Whom It May Concern:

I represent Jammie M. Margadonna concerning the mortgage loan transaction she and her husband entered into with Full Spectrum Lending, Inc. on October 23, 2004. Please be advised that I have been authorized by my client to rescind that transaction and hereby exercise that right pursuant to the Federal Truth In Lending Act, 15 U.S.C. Section 1635 and Regulation Z, Section 226.23.

The primary basis for the rescission is that Mrs. Margadonna was not provided any material disclosures including but not limited to notices of her right to cancel the above consumer credit contract, in violation of 15 U.S.C. Section 1635(a) and Regulation Z, Sections 226.17 and 226.23.

The security interest held by Full Spectrum Lending, Inc. on the Margadonna property located at 37 Iroquois Drive, Warwick, RI 02888 is void as of this rescission. Pursuant to Regulation Z, you have twenty days after receipt of this Notice of Rescission to return to my client all monies paid and to take action necessary and appropriate to terminate the security interest.

**Very truly yours,**
**Jammie M. Margadonna,**
**By her Attorney,**

[signature]

**Christopher M. Lefebvre**
**P. O. Box 479**
**Pawtucket, RI 02862**

**CERTIFIED MAIL-RETURN RECEIPT REQUESTED**

cc: Jammie M. Margadonna
Gwyn Williams, Esq.
cc: Countrywide 400 Countrywide Way, SV-11 Simi Valley CA 93065

# Exhibit B

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| JAMMIE M. MARGADONNA,<br><br>Plaintiff,<br><br>v.<br><br>COUNTRYWIDE HOME LOANS, INC.<br>FULL SPECTRUM LENDING, INC.<br><br>Defendants. | Civil Action No. 07-380 |

**DEFENDANTS COUNTRYWIDE HOME LOANS, INC.'S AND FULL SPECTRUM LENDING, INC.'S ANSWER AND COUNTERCLAIM**

Defendants Countrywide Home Loans, Inc. ("Countrywide") and Full Spectrum Lending, Inc. ("Full Spectrum") (collectively Countrywide and Full Spectrum are referred to herein as "Defendants"), hereby answer the Complaint filed by plaintiff Jammie M. Margadonna ("Margadonna" or "Plaintiff"). This Answer is made without waiving, but expressly reserving, all rights that Defendants have to file dispositive motions or other responses addressed to some or all of the allegations and claims asserted in the Complaint. Except as expressly admitted herein, all allegations in the Complaint are denied.

**"INTRODUCTION"**

1. The allegations in Paragraph 1 are introductory and conclusory in nature, and therefore require no response. To the extent that a response is required, Defendants deny each and every allegation in Paragraph 1.

**"JURISDICTION AND VENUE"**

2. The allegations in Paragraph 2 state conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 2.

3. The allegations in Paragraph 3 state conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 3.

**"PARTIES"**

4. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation in Paragraph 4, and therefore deny it.

5. The allegations in paragraph 5 are vague, ambiguous, and imprecise. Defendants cannot, therefore, admit or deny them, and so deny them.

6. The allegations in paragraph 6 are vague, ambiguous, and imprecise. Defendants cannot, therefore, admit or deny them, and so deny them.

7. The allegations in Paragraph 7 state conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 7.

8. The allegations in paragraph 8 are vague, ambiguous, and imprecise. Defendants cannot, therefore, admit or deny them, and so deny them.

**"FACTS"**

9. In response to the allegations in the first sentence of Paragraph 9, Defendants admit only that, on or about October 23, 2004, Roy Margadonna executed two mortgages in favor of Full Spectrum ("Mortgages"). The Mortgages speaks for themselves and are the best evidence of their contents. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in the first sentence of Paragraph 9, and therefore, deny them. With respect to the allegations in the second sentence of Paragraph 9, Defendants lack knowledge or information sufficient to form a belief as to the truth of said allegations, and therefore, deny them.

10. The allegations in Paragraph 10 are vague, ambiguous and imprecise. Defendants cannot therefore admit or deny them, and so deny them. Further answering, Defendants state that there is a copy of letter dated June 26, 2007 attached to the Complaint as Exhibit A, and a copy of a letter dated September 20, 2007 attached to the Complaint as Exhibit B (collectively, the "Letters"). The Letters speak for themselves and are the best evidence of their contents.

11. The allegations in Paragraph 11 are vague, ambiguous and imprecise. Defendants cannot therefore admit or deny them, and so deny them.

**"COUNT I – TRUTH IN LENDING ACT"**

12. Defendants hereby incorporate by reference, as if fully set forth herein, its answers and responses to Paragraphs 1 through 11 above.

13. The allegations in Paragraph 13 state conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 13.

14. The allegations in Paragraph 14 state conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 14.

15. The allegations in Paragraph 15 state conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 15.

FIRST DEFENSE

Plaintiff's claims have been waived, in whole or in part.

SECOND DEFENSE

Plaintiff's claims are barred, in whole or in part, as a result of the acts of third parties over whom Defendants had no control and is not responsible.

THIRD DEFENSE

Defendants are not responsible for the acts and liabilities of third parties over whom Defendants had no control.

FOURTH DEFENSE

Plaintiff's claims are barred or limited by the several defenses available under the Truth in Lending Act, including but not limited to the defenses concerning error tolerances and technical errors including under 15 U.S.C. § 1635(h), the unintentional and bona fide error defense under 15 U.S.C. §1640(c), and the good faith compliance defense under 15 U.S.C. §1640(f).

FIFTH DEFENSE

Plaintiff's demand for rescission is inequitable and Defendants ask that the rescission procedures, if ordered, be modified as set forth in Defendants' Counterclaim.

SIXTH DEFENSE

Plaintiff's Complaint, in whole or in part, fails to state a claim upon which relief can be granted.

SEVENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by unclean hands, estoppel and other equitable doctrines.

EIGHTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because their own negligence proximately caused their injuries, if any.

NINTH DEFENSE

Plaintiff's damages asserted against Defendants are limited by 15 U.S.C. § 1641(d)(2).

TENTH DEFENSE

Plaintiff's Complaint fails to join necessary parties in violation of Federal Rule of Civil Procedure 19.

ELEVENTH DEFENSE

Defendants hereby give notice that they intend to rely on such other and further defenses as may become available or apparent during discovery proceedings in this case, and they hereby reserve the right to assert such defenses.

## COUNTERCLAIM

1. Plaintiff filed this lawsuit against Defendants, alleging violations of the Truth in Lending Act, 15 U.S.C. § 1601 *et seq.*, ("TILA"). Defendants have denied liability.

2. Defendants deny that the Plaintiffs have a right to rescind the loan. Defendants also deny that it would be equitable to permit any rescission to be accomplished according to the precise procedures set forth in 15 U.S.C. § 1635(b).

## COUNTERCLAIM I

### Declaration Concerning Rescission Remedies

3. Defendants hereby incorporate by reference, as if fully set forth herein, their allegations in Paragraphs 1 and 2 above.

4. 15 U.S.C. § 1635(b) and 12 C.F.R. § 226.23(d)(2) & (3) require that any lender which receives a notice of a borrower's intent to rescind under 15 U.S.C. § 1635(b) must (i) return to the borrower any money or property that the borrower has given or paid to anyone in connection with the transaction, and (ii) take any action necessary to reflect the termination of the lender's security interest in the borrower's property.

5. When a lender has complied with 15 U.S.C. § 1635(b) and 12 C.F.R. § 226.23(d)(2) and returned to the borrower all funds paid by the borrower and canceled the security deed, the borrower shall tender to the lender the principal amount loaned under the loan transaction in question.

6. 15 U.S.C. § 1635(b) and 12 C.F.R. § 226.23(d)(4) provide that the procedures for the lender's termination of the security interest and return of the borrower's money, as well as the borrower's tender of the principal amount of the loan, may be modified by court order.

7. Should this Court allow Plaintiff to rescind the loans, Defendants respectfully request that this Court, in order to do equity, modify the rescission remedy, by, for example, requiring that the return of money and property required under 15 U.S.C. § 1635 be made simultaneously by Defendants and Plaintiff.

WHEREFORE, Defendants respectfully request that this Court enter judgment:

(1) dismissing the Complaint with prejudice, denying Plaintiff's requests for relief, awarding Defendants reasonable costs and attorneys' fees incurred in the defense of this action, and granting Defendants such other and further relief as the Court deems just and appropriate to do equity and justice under the circumstances; and

(2) declaring, in the event this Court determines that Plaintiff properly exercised a valid right of rescission, that the rescission remedy be modified in equity, including but not limited to the entry of an order requiring that the return of money and property required under 15 U.S.C. § 1635 be made simultaneously by Defendants and Plaintiff.

Respectfully submitted,

COUNTRYWIDE HOME LOANS, INC.
FULL SPECTRUM LENDING, INC.

By their attorneys,

/s/ John B. Daukas
John B. Daukas (R.I Bar No. 5437)
GOODWIN PROCTER LLP
Exchange Place
Boston, MA 02109-2881
617.570.1000
jdaukas@goodwinprocter.com

Of Counsel:

U. Gwyn Williams
Jonathan W. Lent
GOODWIN PROCTER LLP
Exchange Place
Boston, MA 02109-2881
617.570.1000
gwilliams@goodwinprocter.com
jlent@goodwinprocter.com

Dated: January 4, 2008

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on January 4, 2008.

Dated: January 4, 2008

/s/ Jonathan W. Lent
Jonathan W. Lent

LIBA/1856355.1