UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

JAMMIE M. MARGADONNA,

Plaintiff,

v.

COUNTRYWIDE HOME LOANS, INC.,
FULL SPECTRUM LENDING, INC.,

Defendants

COUNTRYWIDE HOME LOANS, INC. and
FULL SPECTRUM LENDING, INC.

Third-Party Plaintiffs,

v.

SHARAF, KELLEY & MALONEY, P.C.

Third-Party Defendant.

C.A. No. 1:07-CV-00380-S-DLM

(LEAVE TO FILE GRANTED
JULY 21, 2008)

**JURY TRIAL DEMANDED**

**DEFENDANTS COUNTRYWIDE HOME LOANS, INC.
AND FULL SPECTRUM LENDING, INC.'S THIRD-PARTY
COMPLAINT AGAINST SHARAF, KELLEY & MALONEY, P.C.**

Pursuant to Federal Rule of Civil Procedure 14, defendants/third-party plaintiffs Countrywide Home Loans, Inc. ("Countrywide") and Full Spectrum Lending, Inc. ("Full Spectrum") (collectively, Countrywide and Full Spectrum are "Defendants/Third-Party Plaintiffs") hereby file this third-party complaint against Sharaf, Kelley & Maloney, P.C. ("SKM"), a professional corporation. This third-party complaint arises out of a lawsuit filed against Countrywide and Full Spectrum by plaintiff Jammie M. Margadonna ("Plaintiff"), in which Plaintiff seeks to rescind mortgage loans and damages under the Truth in Lending Act, 15

U.S.C. § 1601, *et seq.* ("TILA"). Defendants/Third-Party Plaintiffs bring this third-party complaint against SKM for indemnification and contribution.

**PARTIES**

1. Defendant/third-party plaintiff Countrywide is a corporation organized under the laws of New York with a principal place of business in Calabasas, California.

2. Defendant/third-party plaintiff Full Spectrum is a subsidiary of Countrywide, with a principal place of business in Calabasas, California.

3. Plaintiff Jammie M. Margadonna is an individual residing at 37 Iroquois Drive, Warwick, Rhode Island 02888.

4. Third-party defendant SKM is a professional corporation organized under the laws of Massachusetts with a principal place of business at 1583 Beacon Street, Brookline, Massachusetts 02446. SKM regularly conducts business in Rhode Island.

**COUNT I – Indemnification & Contribution**

5. Defendants/Third-Party Plaintiffs hereby incorporate by reference the allegations in Paragraphs 1 through 4.

6. On or about October 11, 2007, Plaintiff began this action by filing a complaint seeking rescission of her mortgage loans and damages under TILA. A copy of Plaintiff's Complaint is attached hereto as Exhibit A.

7. On or about January 4, 2008, Defendants/Third-Party Plaintiffs filed an answer and counterclaim to Plaintiff's Complaint. A copy of Defendants/Third-Party Plaintiff's Answer and Counterclaim is attached hereto as Exhibit B.

8. As alleged in Paragraph 9 of Plaintiff's Complaint, on or about October 23, 2004, Plaintiff's spouse, Roy Margadonna, obtained two mortgage loans from Full Spectrum. The

loans are known by Full Spectrum loan number 77058534 ("Loan 77058534") and 23365697 ("Loan 23365697").

9. SKM acted as the settlement agent at the closing of Loans 77058534 and 23365697.

10. Full Spectrum provided SKM with Closing Instructions for each loan. Both sets of Closing Instructions stated in bold, capitalized letters that the "loan may only be closed in strict compliance with the terms herein." SKM agreed to follow the Closing Instructions in closing Loans 77058534 and 2335697.

11. The Closing Instructions also stated, and SKM agreed, that "Lender will hold you liable for any losses resulting from your failure to follow these and all other closing instructions."

12. In Paragraph 14 of her Complaint, Plaintiff alleges she "did not receive any copies of the material disclosures [required under TILA] including but not limited to the Notices of Right to Cancel."

13. Paragraph C(14)(i) of the Closing Instructions required SKM to provide each person required to sign the Notice of Right to Cancel with two copies of that document. This instruction was printed in bold letters.

14. By failing to provide Plaintiff with two copies of the Notice of Right to Cancel, as alleged by Plaintiff, SKM did not comply with the requirements of the Closing Instructions.

15. If Plaintiff sustained the damages in the manner and under the circumstances alleged, and if it is found that Defendants/Third-Party Plaintiffs are liable to Plaintiff in whole or in part, then such damages will have been occasioned by SKM's failure to follow the Closing Instructions, for which Defendants/Third-Party Plaintiffs are not responsible.

WHEREFORE, Defendants/Third-Party Plaintiffs Countrywide Home Loans, Inc. and Full Spectrum Lending, Inc. demand judgment against Third-Party Defendant Sharaf, Kelley & Maloney, P.C. for indemnification and/or contribution of all or part of any sums that may be judged against Defendants/Third-Party Plaintiffs in favor of Plaintiff Jammie M. Margadonna.

**JURY DEMAND**

Defendants/Third-Party Plaintiffs demand a trial by jury.

Respectfully submitted,

COUNTRYWIDE HOME LOANS, INC. and
FULL SPECTRUM LENDING, INC.

By their attorneys,

/s/ John B. Daukas

John B. Daukas (R.I. Bar No. 5437)
GOODWIN PROCTER LLP
53 State Street
Boston, Massachusetts 02109
Tel.: 617.570.1000
Fax: 617.523.1231
jdaukas@goodwinprocter.com

Of Counsel:

U. Gwyn Williams
Jonathan W. Lent
GOODWIN PROCTER LLP
Exchange Place
Boston, Massachusetts 02109-2881
Tel.: 617.570.1000
Fax: 617.523.1231
gwilliams@goodwinprocter.com
jlent@goodwinprocter.com

Dated: July 24, 2008

**CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on July 24, 2008.

Dated: July 24, 2008

/s/ John B. Daukas
John B. Daukas