UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

JAMMIE M. MARGADONNA,

Plaintiff,

v.

COUNTRYWIDE HOME LOANS, INC.
FULL SPECTRUM LENDING, INC.

Defendants.

Civil Action No. 07-380

**DEFENDANTS COUNTRYWIDE HOME LOANS, INC.'S AND FULL SPECTRUM LENDING, INC.'S ANSWER AND COUNTERCLAIM**

Defendants Countrywide Home Loans, Inc. ("Countrywide") and Full Spectrum Lending, Inc. ("Full Spectrum") (collectively Countrywide and Full Spectrum are referred to herein as "Defendants"), hereby answer the Complaint filed by plaintiff Jammie M. Margadonna ("Margadonna" or "Plaintiff"). This Answer is made without waiving, but expressly reserving, all rights that Defendants have to file dispositive motions or other responses addressed to some or all of the allegations and claims asserted in the Complaint. Except as expressly admitted herein, all allegations in the Complaint are denied.

**"INTRODUCTION"**

1. The allegations in Paragraph 1 are introductory and conclusory in nature, and therefore require no response. To the extent that a response is required, Defendants deny each and every allegation in Paragraph 1.

**"JURISDICTION AND VENUE"**

2. The allegations in Paragraph 2 state conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 2.

3. The allegations in Paragraph 3 state conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 3.

**"PARTIES"**

4. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation in Paragraph 4, and therefore deny it.

5. The allegations in paragraph 5 are vague, ambiguous, and imprecise. Defendants cannot, therefore, admit or deny them, and so deny them.

6. The allegations in paragraph 6 are vague, ambiguous, and imprecise. Defendants cannot, therefore, admit or deny them, and so deny them.

7. The allegations in Paragraph 7 state conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 7.

8. The allegations in paragraph 8 are vague, ambiguous, and imprecise. Defendants cannot, therefore, admit or deny them, and so deny them.

**"FACTS"**

9. In response to the allegations in the first sentence of Paragraph 9, Defendants admit only that, on or about October 23, 2004, Roy Margadonna executed two mortgages in favor of Full Spectrum ("Mortgages"). The Mortgages speaks for themselves and are the best evidence of their contents. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in the first sentence of Paragraph 9, and therefore, deny them. With respect to the allegations in the second sentence of Paragraph 9, Defendants lack knowledge or information sufficient to form a belief as to the truth of said allegations, and therefore, deny them.

10. The allegations in Paragraph 10 are vague, ambiguous and imprecise. Defendants cannot therefore admit or deny them, and so deny them. Further answering, Defendants state that there is a copy of letter dated June 26, 2007 attached to the Complaint as Exhibit A, and a copy of a letter dated September 20, 2007 attached to the Complaint as Exhibit B (collectively, the "Letters"). The Letters speak for themselves and are the best evidence of their contents.

11. The allegations in Paragraph 11 are vague, ambiguous and imprecise. Defendants cannot therefore admit or deny them, and so deny them.

**"COUNT I – TRUTH IN LENDING ACT"**

12. Defendants hereby incorporate by reference, as if fully set forth herein, its answers and responses to Paragraphs 1 through 11 above.

13. The allegations in Paragraph 13 state conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 13.

14. The allegations in Paragraph 14 state conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 14.

15. The allegations in Paragraph 15 state conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 15.

FIRST DEFENSE

Plaintiff's claims have been waived, in whole or in part.

SECOND DEFENSE

Plaintiff's claims are barred, in whole or in part, as a result of the acts of third parties over whom Defendants had no control and is not responsible.

THIRD DEFENSE

Defendants are not responsible for the acts and liabilities of third parties over whom Defendants had no control.

FOURTH DEFENSE

Plaintiff's claims are barred or limited by the several defenses available under the Truth in Lending Act, including but not limited to the defenses concerning error tolerances and technical errors including under 15 U.S.C. § 1635(h), the unintentional and bona fide error defense under 15 U.S.C. §1640(c), and the good faith compliance defense under 15 U.S.C. §1640(f).

FIFTH DEFENSE

Plaintiff's demand for rescission is inequitable and Defendants ask that the rescission procedures, if ordered, be modified as set forth in Defendants' Counterclaim.

SIXTH DEFENSE

Plaintiff's Complaint, in whole or in part, fails to state a claim upon which relief can be granted.

SEVENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by unclean hands, estoppel and other equitable doctrines.

EIGHTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because their own negligence proximately caused their injuries, if any.

NINTH DEFENSE

Plaintiff's damages asserted against Defendants are limited by 15 U.S.C. § 1641(d)(2).

TENTH DEFENSE

Plaintiff's Complaint fails to join necessary parties in violation of Federal Rule of Civil Procedure 19.

ELEVENTH DEFENSE

Defendants hereby give notice that they intend to rely on such other and further defenses as may become available or apparent during discovery proceedings in this case, and they hereby reserve the right to assert such defenses.

## COUNTERCLAIM

1. Plaintiff filed this lawsuit against Defendants, alleging violations of the Truth in Lending Act, 15 U.S.C. § 1601 *et seq.*, ("TILA"). Defendants have denied liability.

2. Defendants deny that the Plaintiffs have a right to rescind the loan. Defendants also deny that it would be equitable to permit any rescission to be accomplished according to the precise procedures set forth in 15 U.S.C. § 1635(b).

## COUNTERCLAIM I

### Declaration Concerning Rescission Remedies

3. Defendants hereby incorporate by reference, as if fully set forth herein, their allegations in Paragraphs 1 and 2 above.

4. 15 U.S.C. § 1635(b) and 12 C.F.R. § 226.23(d)(2) & (3) require that any lender which receives a notice of a borrower's intent to rescind under 15 U.S.C. § 1635(b) must (i) return to the borrower any money or property that the borrower has given or paid to anyone in connection with the transaction, and (ii) take any action necessary to reflect the termination of the lender's security interest in the borrower's property.

5. When a lender has complied with 15 U.S.C. § 1635(b) and 12 C.F.R. § 226.23(d)(2) and returned to the borrower all funds paid by the borrower and canceled the security deed, the borrower shall tender to the lender the principal amount loaned under the loan transaction in question.

6. 15 U.S.C. § 1635(b) and 12 C.F.R. § 226.23(d)(4) provide that the procedures for the lender's termination of the security interest and return of the borrower's money, as well as the borrower's tender of the principal amount of the loan, may be modified by court order.

7. Should this Court allow Plaintiff to rescind the loans, Defendants respectfully request that this Court, in order to do equity, modify the rescission remedy, by, for example, requiring that the return of money and property required under 15 U.S.C. § 1635 be made simultaneously by Defendants and Plaintiff.

WHEREFORE, Defendants respectfully request that this Court enter judgment:

(1) dismissing the Complaint with prejudice, denying Plaintiff's requests for relief, awarding Defendants reasonable costs and attorneys' fees incurred in the defense of this action, and granting Defendants such other and further relief as the Court deems just and appropriate to do equity and justice under the circumstances; and

(2) declaring, in the event this Court determines that Plaintiff properly exercised a valid right of rescission, that the rescission remedy be modified in equity, including but not limited to the entry of an order requiring that the return of money and property required under 15 U.S.C. § 1635 be made simultaneously by Defendants and Plaintiff.

Respectfully submitted,

COUNTRYWIDE HOME LOANS, INC.
FULL SPECTRUM LENDING, INC.

By their attorneys,

/s/ John B. Daukas
John B. Daukas (R.I Bar No. 5437)
GOODWIN PROCTER LLP
Exchange Place
Boston, MA 02109-2881
617.570.1000
jdaukas@goodwinprocter.com

Of Counsel:

U. Gwyn Williams
Jonathan W. Lent
GOODWIN PROCTER LLP
Exchange Place
Boston, MA 02109-2881
617.570.1000
gwilliams@goodwinprocter.com
jlent@goodwinprocter.com

Dated: January 4, 2008

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on January 4, 2008.

Dated: January 4, 2008

/s/ Jonathan W. Lent
Jonathan W. Lent

LIBA/1856355.1